IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01369-BNB

LEO D. GRAHAM,

    Applicant,

v.

JULIE WANDS,

    Respondent.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 22 2010

GREGORY C. LANGHAM
             CLERK

## ORDER OF DISMISSAL

Applicant, Leo D. Graham, is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Florence, Colorado. Mr. Graham initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On July 12, 2010, Mr. Graham filed an amended habeas corpus application on the proper form. The Court must construe the amended application liberally because Mr. Graham is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Graham entered a guilty plea to one count of armed bank robbery in the United States District Court for the District of Kansas. *See United States v. Graham*, 179 F. App'x 528, 529 (10th Cir. 2006). He was serving a state prison sentence in

Kansas at the time the federal government obtained the original indictment and lodged a detainer against him. *See id.* Mr. Graham did not file a direct appeal. However, he timely challenged his conviction by filing in the District of Kansas a motion to vacate pursuant to 28 U.S.C. § 2255. In one of his claims in the § 2255 motion, Mr. Graham asserted that counsel was ineffective by failing to investigate or explain to him certain provisions of the Interstate Agreement on Detainers Act (IADA) and that counsel's alleged ineffectiveness resulted in an involuntary guilty plea. *See id.* at 529-30. The District of Kansas denied the § 2255 motion, but that decision was reversed on appeal to the United States Court of Appeals for the Tenth Circuit, and the case was remanded for an evidentiary hearing on Mr. Graham's claim that counsel's ineffective assistance resulted in an involuntary guilty plea. *See id.* at 535.

Following an evidentiary hearing on remand, the District of Kansas concluded that Mr. Graham had not received ineffective assistance of counsel and that, even if counsel was ineffective, Mr. Graham had not been prejudiced. *See United States v. Graham*, 312 F. App'x 79, 80 (10th Cir. 2008). The denial of the § 2255 motion was affirmed on appeal because, even though there was no dispute that the IADA had been violated, *see id.* at 83, Mr. Graham failed to demonstrate that he suffered any prejudice as a result of counsel's alleged ineffectiveness. *See id.* at 86.

In the instant habeas corpus action, Mr. Graham alleges that his rights to equal protection and due process were violated in connection with the rejection of his claims by the District of Kansas and the Tenth Circuit in the § 2255 proceedings. In particular, Mr. Graham describes the nature of the instant action as follows:

2

> Graham asserts in this petition that on review of his 2255 motion the Courts with held [sic] from him the benefits of equal protection, in that it [sic] denied him a full and fail [sic] review of his claim. The guarantee of equal protection of the law in the 5th Amendment undoubtedly intended that all persons, whether innocent or guilty, should have like access to the Courts and Laws of the country for the protection of their person and property, and seeing that a system of criminal appeal has been established, it must conform to DUE PROCESS.
>
> On review of Graham's 2255 the Kansas District Court subvert [sic] the CAUSE of his Ineffective Assistance of Counsel (IAC) claim, and the Appeal Court fail [sic] to follow criteria appropriate, rational, and consistent with established precedents created and designed to correct such errors of judgments.
>
> Graham states that the error prejudice [sic] his appeal.

(Doc. #5 at 2.)

Title 28 U.S.C. § 2241 does not authorize the Court to review either the District of Kansas decision denying Mr. Graham's § 2255 motion or the Tenth Circuit's order affirming the District of Kansas decision. "The fundamental purpose of a § 2241 habeas proceeding is the same as that of § 2254 habeas and § 2255 proceedings: they are 'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" **McIntosh v. United States Parole Comm'n**, 115 F.3d 809, 811 (10th Cir. 1997) (quoting **Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973)). Even more specifically, a proper application for a writ of habeas corpus pursuant to § 2241 challenges the execution of a prisoner's sentence. *See id.* Therefore, because Mr. Graham's claims do not challenge the execution of his sentence, those claims may not be raised in this § 2241 action.

Even construing Mr. Graham's pleadings liberally as challenging the validity of

3

his District of Kansas conviction, the Court still finds that the instant action must be dismissed because Mr. Graham fails to demonstrate that the remedy available to him in the sentencing court pursuant to § 2255 is inadequate or ineffective.

"The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Although a prisoner may challenge the validity of his conviction or sentence pursuant to § 2241 if the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

Mr. Graham fails to allege any facts that arguably demonstrate the remedy available to him pursuant to § 2255 in the District of Kansas is inadequate or ineffective. Mr. Graham's contention that a § 2255 motion in the sentencing court is inadequate for his ineffective assistance of counsel claim to be heard on the merits must be rejected because the argument is based solely on Mr. Graham's disagreement with the denial of his § 2255 motion by the District of Kansas and the Tenth Circuit. *See Williams*, 323 F.2d at 673 (stating that a failure to obtain relief under § 2255 does not demonstrate that the remedy is either inadequate or ineffective). The fact that Mr. Graham may be

precluded from filing a second or successive § 2255 motion in the District of Kansas also does not demonstrate that the remedy in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179. Therefore, the instant action will be dismissed. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed.

DATED at Denver, Colorado, this __22nd__ day of __July__, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01369-BNB

Leo D. Graham
Reg No. 07824-031
FCI -Florence
P.O. Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/22/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk