IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01369-ZLW

LEO D. GRAHAM,

Applicant,

v.

JULIE WANDS,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 25 2010

GREGORY C. LANGHAM
                    CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant, Leo D. Graham, has filed *pro se* on August 23, 2010, a "Motion to Reconsider Judgment" asking the Court to reconsider and vacate the Court's Order of Dismissal and the Judgment filed in this action on July 22, 2010. The Court must construe the motion liberally because Mr. Graham is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). However, a motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Because Mr. Graham's motion to reconsider was filed more than twenty-eight days after the

Judgment was entered in this action on July 22, 2010, the motion properly is asserted pursuant to Fed. R. Civ. P. 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed after ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 60(b) motion). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Mr. Graham entered a guilty plea to one count of armed bank robbery in the United District Court for the District of Kansas. *See United States v. Graham*, 179 F. App'x 528, 529 (10th Cir. 2006). He was serving a state prison sentence in Kansas at the time the federal government obtained the original indictment and lodged a detainer against him. *See id*. Mr. Graham did not file a direct appeal. However, he timely challenged his conviction by filing in the District of Kansas a motion to vacate pursuant to 28 U.S.C. § 2255. In one of his claims in the § 2255 motion, Mr. Graham asserted that counsel was ineffective by failing to investigate or explain to him certain provisions of the Interstate Agreement on Detainers Act (IADA) and that counsel's alleged ineffectiveness resulted in an involuntary guilty plea. *See id*. at 529-30. The District of Kansas denied the § 2255 motion, but that decision was reversed on appeal to the United States Court of Appeals for the Tenth Circuit, and the case was remanded for an evidentiary hearing on Mr. Graham's claim that counsel's ineffective assistance resulted in an involuntary guilty plea. *See id*. at 535.

Following an evidentiary hearing on remand, the District of Kansas concluded that Mr. Graham had not received ineffective assistance of counsel and that, even if

counsel was ineffective, Mr. Graham had not been prejudiced. *See United States v. Graham*, 312 F. App'x 79, 80 (10th Cir. 2008). The denial of the § 2255 motion was affirmed on appeal because, even though there was no dispute that the IADA had been violated, *see id.* at 83, Mr. Graham failed to demonstrate that he suffered any prejudice as a result of counsel's alleged ineffectiveness, *see id.* at 86.

In the instant habeas corpus action, Mr. Graham alleges that his equal protection and due process rights were violated when his claims were rejected by the District of Kansas and the Tenth Circuit in the § 2255 proceedings. In the order dismissing this action, the Court noted that 28 U.S.C. § 2241 does not authorize the Court to review either the District of Kansas decision denying the § 2255 motion or the Tenth Circuit's order affirming the District of Kansas decision. The Court also determined that, even construing Mr. Graham's claims liberally as challenging the validity of his District of Kansas conviction, he still could not pursue those claims in this Court in this habeas corpus action because he failed to demonstrate that the remedy available to him in the sentencing court pursuant to § 2255 is inadequate or ineffective.

Mr. Graham does not argue in the motion to reconsider that the Court may review the District of Kansas and Tenth Circuit orders denying him relief pursuant to 28 U.S.C. § 2255. Instead, he argues that his rights under the IADA were violated and that the remedy available pursuant to § 2255 in the sentencing court is inadequate and ineffective because his IADA claim could not be raised in a § 2255 motion.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Graham fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action.

Mr. Graham's argument that he could not raise his IADA claim in the sentencing court in a § 2255 motion lacks merit because he actually raised the IADA claim in the § 2255 proceedings. In denying Mr. Graham's § 2255 motion following remand, the District of Kansas specifically addressed the alleged IADA violation, albeit in the context of an ineffective assistance of counsel claim, and determined that Mr. Graham could not demonstrate prejudice as a result of counsel's alleged ineffectiveness because, if the IADA violation had been raised and litigated by counsel, the charges against Mr. Graham would have been dismissed without prejudice and could have been refiled. *See Graham*, 312 F. App'x at 84-86. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion to Reconsider Judgment" filed on August 23, 2010, is denied.

DATED at Denver, Colorado, this  25th  day of  August , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01369-ZLW

Leo D. Graham
Reg No. 07824-031
FCI -Florence
P.O. Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  8/26/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk